IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| SATERRIA CHILDS, | : | |
| | : | |
| Plaintiff, | : | CASE NO.: _____ |
| | : | |
| v. | : | |
| | : | |
| PREMIUM WATERS, INC., | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

Plaintiff Saterria Childs files this Complaint in this action against Defendant Premium Waters, Inc. ("Defendant") for disability discrimination and retaliation.

**PARTIES**

1.

Childs is a resident of Coffee County and submits to the jurisdiction of this Court.

2.

Premium Waters, Inc., is a foreign profit corporation with its principal place of business in Minneapolis, Minnesota.  This Defendant may be served by personal service of process upon its registered agent, Incorp Services, Inc., 9040 Roswell Road, Ste. 500, Atlanta, Georgia 30350.

**JURISDICTION AND VENUE**

3.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) because the matters in controversy arise under

the laws of the United States; to wit, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

4.

Pursuant to 28 U.S.C. § 1391(b) and S.D. Ga. L.R. 2.1, the Southern District of Georgia, Waycross Division, is the appropriate venue because Defendant is a resident of, and a substantial part of the events or omissions at issue in this lawsuit occurred in, Coffee County, Georgia, which is within the Waycross Division of this Court.

## ADMINISTRATIVE PROCEEDINGS

5.

Defendant is a covered employer under the ADA.

6.

Childs timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation.

7.

The EEOC issued Childs a Notice of the Right to Sue against Defendant, and this lawsuit was filed timely thereafter.

8.

Childs made a good faith effort to comply with EEOC regulations and applicable law and to provide all relevant, specific information available.

9.

All conditions precedent to jurisdiction under the ADA have been satisfied.

10.

All administrative prerequisites to filing suit on Childs' claims have been satisfied.

11.

This suit is timely, appropriate, and valid in all respects.

**STATEMENT OF FACTS**

12.

Childs suffered several work injuries in February and June 2023 that resulted in a disability.

13.

After Childs acquired her disability, Defendant began to nitpick her.

14.

Defendant wrote-up Childs for a wardrobe violation for wearing tights, while at least one non-disabled employee continued to wear tights without being written up.

15.

Defendant also wrote Childs up for a mistake that, prior to her being disabled, she had been allowed to correct as opposed to being written up.

16.

Non-disabled employees were allowed to correct the type of mistake referenced in paragraph 15 above for which Childs was written up.

17.

For a number of months, Defendant accommodated Childs' work restrictions.

3

18.

One of Childs' physicians recommended a litany of medical treatment options to address her disability.

19.

Defendant, through agents, convinced Childs' physician to state that she no longer believed the medical treatment was needed.

20.

Because, according to Defendant, Childs no longer needed medical treatment, she was determined to be at maximum medical improvement, and she was given permanent sedentary work restrictions.

21.

When Childs requested an accommodation, Defendant gave her an ultimatum: she could continue doing her job that required nearly constantly standing or walking, or she should leave.

22.

Upon information and belief, if Childs had left, Defendant would have claimed that she resigned.

23.

Defendant has continued to require Childs to work in violation of her permanent sedentary work restrictions.

24.

The allegations in paragraphs 18-23 are evidence of intentional disability discrimination related to the adverse employment actions alleged in paragraphs 13-16.

## COUNT ONE

### Americans with Disabilities Act:  Disparate Treatment

25.

Childs' work injury rendered her disabled.

26.

Defendant regarded Childs as disabled.

27.

Plaintiff's disability actually motivated the decision to take adverse employment actions against her.

28.

As a direct, legal, and proximate result of Defendant's violations of Childs' rights under the ADA, Childs was and remains injured in an amount to be proven at trial.

29.

Defendant's actions were taken with malice or with reckless indifference to Childs' federally protected rights.

30.

Defendant is liable to Childs for all damages arising from its violations of her rights under the ADA in an amount to be proven at trial.

## COUNT TWO

## Americans with Disabilities Act:  Retaliation

31.

Childs informed her supervisor that she had work restrictions due to a disability and requested an accommodation for those restrictions.

32.

Childs was disabled, and Defendant regarded her as disabled.

33.

Childs engaged in statutorily protected conduct by requesting an accommodation.

34.

Childs' statutorily protected conduct was a motivating factor for the adverse employment actions taken against her.

35.

As a direct, legal, and proximate result of Defendant's violations of Childs' rights under the ADA, Childs was and remains injured in an amount to be proven at trial.

36.

Defendant's actions were taken with malice or with reckless indifference to Childs' federally protected rights.

37.

Defendant is liable to Childs for all damages arising from their violations of her rights under the ADA in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Childs demands a TRIAL BY JURY and the following relief:

(a)   Declaratory judgment that Defendant's actions violated Childs' ADA rights;

(b)   Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Childs' emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(c)   Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Childs and deter Defendant from similar conduct in the future;

(d)   Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(e)   Judgment against Defendant for damages incurred by Childs;

(f)   Judgment against Defendant in an amount to fully and adequately compensate Childs;

(g)   Such equitable relief as may be appropriate, including employment, reinstatement, or promotion;

(h)   An award of pre-judgment and post-judgment interest;

(i)   A trial by jury on all issues triable to a jury; and

(j)   Other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted this 30th day of October 2024.

                By:    <u>/s/ Douglas H. Dean</u>
                        Georgia Bar No. 130988
                        Attorney for Plaintiff
                        Dean Thaxton, LLC
                        601 E. 14th Avenue (31015)
                        Post Office Box 5005
                        Cordele, Georgia 31010
                        T:  (229) 271-9323
                        F:  (229) 271-9324
                        E:  *doug@deanthaxton.law*