# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| SATERRIA CHILDS, | |
| Plaintiff, | CIVIL ACTION NO.: 5:24-cv-83 |
| v. | |
| PREMIUM WATERS, INC., | |
| Defendant. | |

## PROTECTIVE ORDER

The parties filed a Joint Motion for Entry of Joint Stipulation and Order of Confidentiality. Doc. 35. Having fully considered the Motion and for good cause shown, the Court **GRANTS** the parties' Motion, subject to the following modifications:

(1) The Court and its authorized personnel are not parties to the Order and are not bound by its terms;

(2) Nothing in this Protective Order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

(3) Nothing in this Protective Order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

It is further **ORDERED**:

**I.** Defendant and Plaintiff may designate in writing any document, any portion of any document, any answers to interrogatories, or any documents produced in response to requests for production as "CONFIDENTIAL" material. Regarding documents and answers to interrogatories, such designation shall be made at the time that such answers are served upon the requesting party or at the time the copies of documents are delivered to the requesting party or at the time documents are made available for requesting party's inspection. Deposition transcripts may be designated Confidential on the record at the deposition and/or portions of deposition transcripts may be designated within 10 days of the designating party's receipt of the transcript from the court reporter. Only pages of the transcript containing confidential information shall be designated Confidential.

**II.** Each person to whom confidential material or data or information obtained, derived, or generated from confidential material is disclosed or made available, including experts or consultants retained by the parties, shall first be advised of the existence and the contents of this Stipulation and Order and shall be bound by its terms and conditions. No such person shall divulge any confidential material, or any data or information obtained, derived or generated from confidential material to any other person, except as provided in this Order.

**III.** Confidential material or data and information obtained, derived or generated from confidential material, shall be disclosed only to:

- The Court and Court personnel;
- The parties' attorneys of record in this action and persons employed in the attorneys' offices;
- Defendant;
- Plaintiff;

- Independent experts and consultants retained by the parties such as medical doctors, statisticians, economists, and accountants;
- Witnesses with whom the parties' attorneys deem it necessary to discuss such material in the course of the parties' discovery and/or preparation for trial;
- A jury for the purposes of trial.

Nothing in this agreement shall be construed as a waiver of objections by either party as to the admissibility or appropriate use of evidence at trial or in other hearings.

**IV.** Confidential material or data and information obtained, derived, or generated from confidential material shall not be used for any purpose other than pre-trial proceedings, preparation for trial, at trial, and post-trial litigation in connection with this action.

**V.** The parties will act in good faith in designating material as confidential. The above restrictions concerning disclosure shall not apply to documents and to other information that has been made available to the public or which is obtained from sources other than Plaintiff or Defendant. This Order does not alter the definition of Confidential as it now stands under the law. In the event a party objects to a Confidentiality designation, they must do so in writing to the designating party within 10 days of receipt of the same; the objecting party must state the portions of the Confidentiality designation objected to and the basis for the objection. Once an objection is made, the parties must follow the Court's discovery dispute procedures and file any necessary motion. The burden to establish Confidentiality rests upon the designating party.

**VI.** Nothing contained in this Stipulation and Order of Confidentiality shall be construed as a waiver of the right to object to the subject matter of any request made in this action. This Stipulation shall not be construed as an agreement to produce any document or supply any

information and shall not constitute an admission that any designated material is relevant or act as a waiver of privilege.

VII.   If any confidential material, information or data obtained, derived, or generated there from is sought through discovery from either party by any other litigant in any other judicial or administrative proceeding, each party agrees that he will immediately notify the designating party so as to permit that party to seek a protective order from the appropriate court.

**SO ORDERED**, this 22nd day of October, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA